**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY


WILLIAM GRAY,                 :
                              :    Civil Action No. 11-0677 (FSH)
          Petitioner,         :
                              :
     v.                       :    OPINION
                              :
CINDY SWEENEY, et al.,        :
                              :
          Respondents.        :
```

**APPEARANCES:**

Petitioner pro se                Counsel for Respondents
William Gray                     Sara Beth Liebman
400833                           Union County Prosecutor's Office
East Jersey State Prison         32 Rahway Avenue
Lock Bag R                       Elizabeth, NJ 07202
Rahway, NJ 07065


**HOCHBERG,** District Judge

    Petitioner William Gray ("Petitioner"), a prisoner currently confined at East Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Cindy Sweeney and Paula Dow.

    For the reasons stated herein, the Petition must be dismissed.

I.  BACKGROUND

A.  Factual Background

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

> Defendant William Gray was charged, and on March 31, 1999, he was convicted by a jury of second-degree sexual assault, N.J.S.A. 2C:14-2b (count one); third-degree aggravated sexual contact, N.J.S.A. 2C:14-3a(count two); fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3b (counts three and four); first-degree aggravated sexual assault, N.J.S.A. 2C:14-2a(2)(b)(count five); second-degree sexual assault, N.J.S.A. 2C:14-2c(5) (count six); second-degree sexual assault, N.J.S.A. 2C:14-2c(4)(b)(count seven); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4a (counts eight and nine).  At trial, defendant was represented by Robert Seelenfreund.  Because of defendant's allegations of ineffectiveness of trial counsel, Seelenfreund was replaced by Michael Ignatoff as counsel following the jury's verdict.  Ignatoff filed a motion for new trial, which was denied on October 4, 1999. (footnote omitted).
>
> ...
>
> Defendant's prosecution was based upon evidence that he had sexually molested T.W., whom we will fictitiously call Tina, from 1991 when Tina was eleven years old until discovery of his conduct in January 1997.  At trial, Tina claimed among other things that sexual penetration had occurred, commencing in 1994.  Gray denied that fact, although admissions of kissing and fondling by him were presented.  The focus of the defense at trial, as recognized by the PCR judge, was on gaining an acquittal on the first-degree sexual penetration charge.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

(Answer, Ex. Ra7, Opinion of Appellate Division at 1-3 (July 8, 2005)).

B.  Procedural History

Petitioner was convicted on March 31, 1999 and was sentenced on October 4, 1999 to 50 years with 19 years of parole ineligibility.  The Appellate Division affirmed the trial conviction on July 16, 2001 and the Supreme Court of New Jersey denied certification on March 26, 2002.  The petition for post-conviction relief ("PCR") was denied on February 19, 2004.  Petitioner then appealed the denial of PCR, and the Appellate Division remanded to the trial court for an evidentiary hearing on July 8, 2005.  After further proceedings below, on March 31, 2010 the Appellate Division affirmed.  The Supreme Court of New Jersey denied certification on June 30, 2010.  Petitioner filed this habeas petition on February 1, 2011.

Here, Petitioner asserts the following ground for relief: (1) inadequate assistance of trial counsel as to testimony and investigation related to a potential witness, and (2) excessive sentence.

In their answer, Respondents assert that Petitioner failed to exhaust his state remedies with respect to ground two and that therefore, the Petition should be denied.  This matter has been fully briefed and is now ready for decision.

## II. <u>28 U.S.C. § 2254</u>

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (a).

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000) (O'Connor, J.,

for the Court, Part II).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter).  Id. at 407-09.  To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable.  Id. at 409.  In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts.  Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

     Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference.  Chadwick v. Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)).  With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment.  See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000),

5

cert. denied, 532 U.S. 924 (2001). In such instances, "the federal habeas court must conduct a de novo review over pure legal questions and mixed questions of law and fact, as a court would have done prior to the enactment of AEDPA." Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)). "However, § 2254(e)(1) still mandates that the state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence." Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

6

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).

### III.   ANALYSIS

A.   Exhaustion of State Court Remedies

In their Answer, Respondents assert that Petitioner has failed to exhaust his state remedies with respect to ground two, regarding excessive sentence. This Court is in agreement that Petitioner's claims as to excessive sentence are not exhausted and therefore the Petition must be dismissed. Although according to Petitioner, he may have previously raised issues of ineffective assistance of counsel's representation at the sentencing stage and during direct appeal, he does not appear to have ever raised the sentencing issues raised in the instant petition, that "[h]abeas corpus should be granted because the sentence Petitioner received was excessive."

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render

such process ineffective ...." 28 U.S.C. § 2254(b)(1).  See <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>cert. denied</u>, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.

Castille v. Peoples, 489 U.S. 346, 351 (1989)(citing Picard v. Connor, 404 U.S. 270, 275 (1971)).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. Id. at 277.

Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987.` In addition, the Court of Appeals for the Third Circuit has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987). However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186. "[T]he allegations of exhaustion must

be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Alternatively, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Rose v. Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies"). But see Christy v. Horn, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim").

Because the one-year statute of limitations enacted by AEDPA in 1996 is not statutorily tolled by the premature filing of a

federal habeas petition, see Duncan v. Walker, 533 U.S. 167 (2001), federal courts sometimes may stay § 2254 habeas proceedings to permit prisoners to exhaust state claims. Petitioner has not requested such a stay.

The exhaustion requirement is a "total exhaustion" rule; that is, all claims presented in the federal habeas petition must have been exhausted in state court. Rose v. Lundy, 455 U.S. 509 (1982). At the time Lundy was decided, there was no statute of limitation on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[2] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 374, 379 (2d Cir. 2011), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. The Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardized the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

---

[2] See 28 U.S.C. § 2244(d).

11

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where a stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval,

12

normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.")(citations omitted).

Here, Petitioner failed to exhaust his claims related to excessive sentence, as it appears that he did not raise a substantially equivalent similar claim during the state remedy process.  In fact, none of the three Appellate Division opinions address any issues related to sentencing.  Thus, Petitioner has presented this Court with a "mixed" petition, but has not requested a stay, nor has he presented any facts or argument suggesting that there is good cause for his failure to exhaust his state remedies.  Although Petitioner asserts ineffective assistance of counsel, that claim only raises a specific issue in which Petitioner claims trial counsel was ineffective due to failure to call a certain witness to testify at trial and is not related to any challenge, or lack thereof, to an excessive sentence.  Accordingly, there is no reason to stay this matter to permit Petitioner to exhaust his unexhausted claims.  Thus, the Petition may be dismissed as a "mixed" petition.

Further, there is no reason to ask Petitioner if he would like to withdraw his unexhausted claims and proceed with the exhausted claims, as the sole exhausted claim that asserts a

13

ground for federal habeas relief, the claim of ineffective assistance of trial counsel, is plainly meritless, as set forth below.

The Court notes, however, that in the alternative, even if Petitioner had exhausted his remedies regarding ground two, relief on that ground would not be available to him.

A federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies."  See Grecco v. O'Lone, 661 F.Supp. 408, 415 (D.N.J. 1987) (citation omitted).  Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation.  See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984).  See also 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991).

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'"  Ewing v. California, 538 U.S. 11, 20 (2003) (citations omitted).  The Supreme Court has identified three factors that may be relevant to a determination of whether a sentence is so disproportionate to the crime committed that it violates the Eighth Amendment:  "(1) the gravity of the offense and the harshness of the penalty; (ii) the

14

sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Solem v. Helm, 463 U.S. 277, 292 (1983). Additionally, Justice Kennedy has explained that Solem does not mandate comparative analysis within and between jurisdictions, see Harmelin v. Michigan, 501 U.S. 957, 1004-05 (Kennedy, J., concurring in part and concurring in judgment), and he has identified four principles of proportionality review--"the primacy of the legislature, the variety of legitimate penological schemes, the nature of our federal system, and the requirement that proportionality review be guided by objective factors"--that "inform the final one: The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime," id. at 1001 (citation omitted) quoted with approval in Ewing, 538 U.S. at 23.

Here, Petitioner's challenge to the state court's sentencing would not be reviewable in this Court; he has presented no cogent argument why his sentence is unconstitutional. This Court finds that Petitioner's sentence is not "grossly disproportionate" to the crime he committed and as such, even had he exhausted his remedies related to this issue, would not be entitled to relief on this ground.

15

B.   <u>Ineffective Assistance of Trial Counsel</u>

Petitioner alleges that he did not receive effective assistance of trial counsel, related only to the assertion that his trial counsel failed to call a certain witness, Bayshiel Martin, or conduct an investigation regarding that individual. This issue was thoroughly examined below. During PCR, the Appellate Division remanded to the trial court for an evidentiary hearing on this issue. Subsequent to the evidentiary hearing, the trial court found that counsel had not been ineffective. The Appellate Division then affirmed that finding.

As to this issue, the Appellate Court held:

> The gist of Gray's appeal is that the PCR judge erroneously concluded that Seelenfreund and Ignatoff were not ineffective during the trial and post-trial proceedings, arguing that they were in fact ineffective because they failed to present Martin's purported exculpatory evidence. Our review of the record, in light of our standard of review, convinces us otherwise.
>
> There was evidence in the record, found to be credible by the PCR judge, that Gray did not provide sufficient information to Seelenfreund to enable him to contact Martin directly, and that, in fact, Gray undertook to procure Martin's attendance at a time when he was not incarcerated. There is also credible evidence that Martin did not appear at the courthouse until the testimony had been completed, the jury had been charged, and the jury's deliberations were underway. Finally, there was evidence to support Seelenfreud's opinion that Martin "didn't appear to be the most forthcoming witness" and that he was "reluctant to divulge information."

(Answer, Ex. Ra10, Opinion of Appellate Division at 18 (March 31, 2010)).

16

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The right to counsel is "the right to <u>effective</u> assistance of counsel."  <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970) (emphasis added).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694 (1984).  A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."  <u>Strickland</u> at 694.  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  <u>Id.</u> at 687.  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  <u>Id.</u> at 695.

The performance and prejudice prongs of <u>Strickland</u> may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed."  <u>Id.</u> at 697.

17

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  Id. at 690-91.  If counsel has been deficient in any way, however, the habeas court must determine whether the cumulative effect of counsel's errors prejudiced the defendant within the meaning of Strickland.  See Berryman v. Morton, 100 F.3d 1089, 1101-02 (3d Cir. 1996).

Here, the state courts' findings were based upon application of the correct Strickland standard.  The state court decisions were neither contrary to, nor involved an unreasonable application of, clearly established federal law, nor were they based upon an unreasonable determination of the facts in light of the evidence presented.  Petitioner is not entitled to relief on this claim.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  No certificate of appealability shall issue.

### V.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be denied.  In his traverse, Petitioner made a request to be appointed counsel for representation for the remainder of the case.  As the case will now be dismissed, the request for counsel is denied as moot.  An appropriate order follows.

<u>s/ Faith S. Hochberg</u><br>
Faith S. Hochberg<br>
United States District Judge

Dated: February 16, 2012